IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Criminal Action No. 00-CR-00020-WDM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DERRICK R. PINKETT,

    Defendant.

---

ORDER

---

    Defendant Derrick R. Pinkett is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Beaumont, Texas. He has filed a pleading in the instant criminal case titled, "Re: Request for Nunc Pro Tunc Designation," challenging the execution of his federal sentence and seeking modification of the sentence.

    I must construe the Request liberally because Mr. Pinkett is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Request will be denied in part and construed in part as a 28 U.S.C. § 2241 action that will be transferred to a proper federal court.

    Mr. Pinkett asserts that I sentenced him on September 8, 2000, to 110 months on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Mr. Pinkett further asserts that subsequent to his federal sentencing he was sentenced, on

October 10, 2000, by the State of Colorado to ten years of imprisonment in the Colorado Department of Corrections (DOC).  Mr. Pinkett is challenging the BOP's decision to not designate the DOC as the facility where he would serve his federal sentence, even though the BOP has authority under 18 U.S.C. § 3621(b) to do so.  Mr. Pinkett further challenges the BOP's reliance on 18 U.S.C. § 3585(a) to find that his federal sentence commences on the date he is received into the custody of the BOP and that his sentence did not continue to run while he was in state custody.

Mr. Pinkett in part is attacking the manner in which the BOP is executing his sentence.  An attack of the execution of a sentence properly is presented in a 28 U.S.C. § 2241 action.  **See Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir. 1996).  An application for a writ of habeas corpus filed pursuant to § 2241 "must be filed in the district where the prisoner is confined."  **Id.**  Therefore, the instant action, to the extent Mr. Pinkett is challenging the manner in which the BOP is executing his sentence, should have been filed in the federal court located where Mr. Pinkett currently is incarcerated.

Under 28 U.S.C. § 1631, the Court may transfer an action to any other court where the action could have been brought if it is in the interest of justice.  Mr. Pinkett should have brought a 28 U.S.C. § 2241 action in the United States District Court for the Eastern District of Texas, Beaumont Division, the federal court located where he is incarcerated, and a transfer of the instant action to that court is in the interest of justice.

To the extent Mr. Pinkett is requesting that I consider a modification of his sentence, the viability of his claim depends on 18 U.S.C. § 3582(c), which "provides that a court **may not** modify a term of imprisonment once it has been imposed except in

three limited circumstances." **United States v. Smartt**, 129 F.3d 539, 540-41 (10th Cir. 1997) (quotation omitted) (emphasis in original).  Section 3582(c) allows modification (1) upon motion by the Director of the Bureau of Prisons; or (2) if it is allowed by statute or under the provisions of Fed. R. Crim. P. 35; or (3) if the applicable sentencing range subsequently was lowered by the Sentencing Commission.  Mr. Pinkett has raised no arguments that implicate any of the three exceptions.  Therefore, Mr. Pinkett's § 3582(c) claims will be denied.  Accordingly, it is

ORDERED that Mr. Pinkett's claims in part are construed as filed under 18 U.S.C. § 3582(c) and are denied.  It is

FURTHER ORDERED that Mr. Pinkett's remaining claims challenge the execution of his sentence, and the claims more properly are addressed in a 28 U.S.C. § 2241 action in the federal court located where Mr. Pinkett is incarcerated.  It is

FURTHER ORDERED that the Clerk of the Court is instructed to open a 28 U.S.C. § 2241 action on Mr. Pinkett's behalf, based on Doc. # 91 in the instant action; it is

FURTHER ORDERED that the Clerk of the Court is further instructed to place a copy of Doc. # 91 in the 28 U.S.C. § 2241 action and transfer the action to the United States District Court for the Eastern District of Texas, Beaumont Division, 300 S. Willow St., Ste 104, Beaumont, TX 77701.

DATED at Denver, Colorado, this 10th day of August, 2009.

BY THE COURT:

s/ Walker D. Miller

WALKER D. MILLER

United States District Judge